IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK TOMEI, IN HIS CAPACITY AS LIMITED GUARDIAN OF VINCENT TOMEI AND AS EXECUTOR OF THE ESTATE OF MARIE TOMEI, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>OFFICE OF THE 32nd JUDICIAL DISTRICT DELAWARE COUNTY, *ET AL.*,<br><br>*Defendants*. | Case No. 2:20-cv-02429-JDW |

## **MEMORANDUM**

The Constitution secures vital freedoms, but it can't protect against human error. Despite everyone's best efforts, mistakes will happen. Some mistakes happen because the people running the government have not put in place appropriate policies or procedures. Others happen because those in charge have not trained their employees. But many mistakes happen "just because," and there is no way to guarantee against that.

This is one such case. As a result of human error, a state trial court did not docket timely filings that it received. The result was that the Pennsylvania Superior Court concluded that Vincent Tomei and the Estate of Marie Tomei had waived issues on appeal as a result of that mistake. And, even after the trial court fixed the error, the Superior Court and the Pennsylvania Supreme Court refused to revisit that decision. Now, having lost their chance at a state court appeal, Plaintiffs want to hold the state trial court and one employee responsible. But while Plaintiffs have suffered a harm,

they have not pled facts to establish a Constitutional violation that the Court can remedy. The Court will therefore grant Defendants' motion to dismiss the Second Amended Complaint.

I.   **BACKGROUND**

   **A.   The Delaware County Litigation**

In 2015, Vincent Tomei and H&H Manufacturing Company sued Thomas Tomei in the Pennsylvania Court of Common Pleas for Delaware County. Marie Tomei intervened in that case. Marie died during the pendency of the case, and her Estate substituted as a party. (For convenience, the Court will continue to refer to her estate as "Marie.") In 2017, the Delaware County Court held a bench trial and ruled for Thomas and against Vincent. It entered a judgment that included a substantial award of attorneys' fees. The Court also awarded Marie shares in H&H.

H&H, Vincent, and Marie filed timely post-trial motions. They submitted those filings to the Delaware County Office of Judicial Support, which is both the Office of the Clerk and the Prothonotary in Delaware County. Throughout the *Tomei* litigation, Angela Martinez was the director of the Office of Judicial Support.

H&H, Vincent, and Marie filed their post-trial motions under seal. However, it appears that a processing clerk in the Delaware County Office of Judicial Support did not enter those motions on the docket. Instead, he put them into a sealed envelope without processing them. The trial court denied the post-trial motions in April 2018. Vincent and Marie noticed timely appeals, and both of them filed Concise Statement of Matters Complained of on Appeal. They filed those documents under seal, and a similar error happened. The docketing clerk did not docket those submissions.

2

As a result of the docketing errors in the Office of Judicial Support, the certified record that the trial court sent to the Pennsylvania Court did not include any record of post-trial motions or of the Concise Statements. In July 2018, Vincent's counsel wrote to someone in the Office of Judicial Support, asking her to docket the post-trial motions. That did not happen. Because these filings were not on the docket or in the certified record, the Superior Court concluded that Vincent and Marie had waived their appeals in an opinion dated May 22, 2019.

On May 30, 2019, the trial court heard argument on an Emergency Motion to Correct the docket. The Court granted that motion and directed the Office of Judicial Support to correct the docket and to send the corrected docket to the Superior Court. The Superior Court nonetheless denied a motion to reconsider or for reargument, and the Pennsylvania Supreme Court denied a Petition for Allowance of Appeal.

### B.   Procedural History

On May 21, 2020, Marie and Vincent filed separate complaints in this Court. The Court consolidated the two cases and ordered the parties to file a consolidated, amended complaint, which they did. In that complaint, they assert claims against the Office of the 32nd Judicial District of Delaware County (the "Common Pleas Court"), the Office of Judicial Support, and Ms. Martinez in her individual and official capacities. They assert a claim under 42 U.S.C. § 1983 for violating their due process rights and pendant claims under state law. Defendants moved to dismiss, and the motion is ripe.

## II.  LEGAL STANDARD

A district court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Rather than require detailed pleadings, the "Rules demand only a short and plain statement of the claim showing that the pleader is entitled to relief[.]" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. In determining whether a claim is plausible, the court must "draw on its judicial experience and common sense." *Id*. First, the court must identify the elements needed to set forth a particular claim. *Id*. at 787. Second, the court should identify conclusory allegations, such as legal conclusions, that are not entitled to the presumption of truth. *Id.* Third, with respect to well-pleaded factual allegations, the court should accept those allegations as true and "determine whether they plausibly give rise to an entitlement to relief." *Id*. The court must "construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them." *Id*. at 790. In determining whether the complaint states a claim for relief, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

## III.  ANALYSIS

### A.  Sovereign Immunity

In their Opposition, Plaintiffs concede that sovereign immunity bars their claims against the Common Pleas Court, the Office of Judicial Support, and Ms.

4

Martinez in her official capacity. The Court will dismiss those claims with prejudice. As an aside, the Court notes that it requires parties to meet and confer before filing a motion to dismiss. The purpose of that process is to identify issues like this before the parties have to take up their time and the Court's time with unnecessary motions practice. Presumably, the parties discussed this issue, and they should have resolved it during that discussion, not after taking up the Court's time.

### B. Claims Against Ms. Martinez

Ms. Martinez did not participate personally in any of the conduct giving rise to the claims in this case. She was not the processing clerk who accepted and failed to process either the post-trial motions or the Concise Statements. Nor was she the person who transmitted the docket to the Superior Court. Instead, she was the supervisor of the office where those errors occurred. In the complaint, Plaintiffs are vague about whether they allege that Ms. Martinez had a personal role in these errors. Normally, the Court might construe that ambiguity in Plaintiffs' favor. In this case, though, Plaintiffs have attached to their Complaint a transcript of the hearing on their Emergency Motion in the Delaware County Court. During that hearing, Ms. Martinez testified that someone else handled those tasks. If a plaintiff's "own exhibits contradict [the] allegations in the complaint, the exhibits control." *Vorcheimer v. Philadelphia Owners Ass'n*, 903 F.3d 100, 112 (3d Cir. 2018).

Because Ms. Martinez did not have personal involvement, Plaintiffs must plead a claim of supervisory liability. There are two ways of imposing supervisory liability under Section 1983. A supervisor may be personally liable under Section 1983 if she "participated in violating the plaintiff's rights, directed others to violate them, or, as

5

the person in charge, had knowledge of and acquiesced in [her] subordinates' violations." *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 (3d Cir. 2010). Or, she may be liable if, "with deliberate indifference to the consequences, [she] established and maintained a policy, custom, or practice which directly caused the constitutional harm." *A.M. ex rel. J.M. K. v. Luzerne Cty. Juvenile Det. Ctr.*, 732 F.3d 572, 586 (3d Cir. 2004).

Plaintiffs have not alleged that Ms. Martinez participated in the violation of their rights, that she directed others to do so, or that she knew about and acquiesced in the violations. But they do make allegations about her alleged failure to train employees and her deliberate indifference to their rights. (ECF No. 8 at ¶¶ 37-38.) Plaintiffs allege that Ms. Martinez did not promulgate policies concerning the proper filing of pleadings. Ms. Martinez's testimony at the hearing before the state trial court establishes that there was a policy in place for handling documents filed under seal, but the processing clerk did not follow that policy. (ECF No. 8 at Ex. O, p. 26-27.) The fact that someone made a mistake does not mean there were no policies in place.

Plaintiffs also assert that Ms. Martinez did not arrange for adequate training of the employees in the Office of Judicial Support. They do not make any allegation about how the training was inadequate, and the fact that an error occurred does not mean the training was inadequate. In any event, a plaintiff asserting such a claim must allege "a pattern of similar constitutional violations by untrained employees that puts municipal decisionmakers on notice that a new program is necessary" or show that "the failure to provide the identified training would likely result in the violation of constitutional rights." *Johnson v. City of Phila.*, 975 F.3d 394, 403 (3d Cir. 2020)

6

(cleaned up). Plaintiffs have not made any allegations that, if proven, could satisfy this burden.

### C. State Law Claims

Plaintiffs assert supplemental state law claims, though the Court cannot discern claims they assert. In any event, federal law gives a district court discretion to decline to exercise supplemental jurisdiction over claims arising under state law if the district court has dismissed all claims over which it has original jurisdiction. *See* 28 U.S.C. § 1367(c)(3). The Court has not spent time managing this case or otherwise invested judicial resources to justify the Court maintaining supplemental jurisdiction over the remaining state law claims here. The Court will exercise its discretion and decline to consider those claims. It will instead dismiss them without prejudice, so that Plaintiffs can pursue them in state court if they so choose.

## IV. CONCLUSION

There is a difference between a mistake and a civil rights violation. Employees in the Office of Judicial Support made mistakes, and those mistakes prejudiced Plaintiffs. But Plaintiffs have not pled plausible claims that those mistakes resulted from a supervisor's violation of their constitutional rights. The Court will grant Defendants' motion to dismiss this case. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
HON. JOSHUA D. WOLSON
United States District Judge

November 20, 2020